IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01446-LTB-BNB

DARIEL HOUGH,

Petitioner,

v.

WARDEN HOWES, Lakeland Correctional Facility,

Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** (the "Application"), filed by Dariel Hough (the "petitioner") on August 1, 2005. The petitioner, a state prisoner in Michigan, is proceeding *pro se*. He states that detainers have been lodged against him by two Colorado counties--Larimer and Weld--based on untried criminal charges. He argues that his rights under the speedy trial provision of the Interstate Agreement on Detainers Act have been violated because he has not been brought to trial on the outstanding charges within 180 days.  He requests that the detainers be dismissed with prejudice.    The petitioner names as the sole respondent the Warden of the Lakeland Correctional Facility in Michigan.  However, the petitioner must name both the state officer who has present official custody of him and the attorney general of the state whose action subjects him to future custody. *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 2(b) and the Advisory Committee Notes, 1976 Adoption, regarding Rule 2(b) (made applicable to Section

2241 cases by Rule 1(b) of the Rules Governing Section 2254 Cases).[1]  Accordingly, I ordered the petitioner to show cause why the Application should not be dismissed for failure to name a proper respondent.

The petitioner responded to the show cause order on December 19, 2005, stating that he cannot comply with the show cause order because the Lakeland Correctional Facility is refusing to photocopy all documents that are related to his pending legal actions in the State of Colorado and that the Lakeland Correctional Facility has informed him that his "legal mail is going to be restricted."

The petitioner does not need photocopies to respond to the show cause order, however. As I explained in my order, the petitioner need only show cause why this case should not be dismissed for failure to name a proper respondent.

The petitioner filed one document on December 1, 2005--the day I entered the show cause order.  He filed two additional documents on December 19, 2005 (including his response to the show cause order).  He filed another document on January 9, 2006.  It is apparent from these filings that the petitioner's ability to communicate with the Court is not being obstructed by the Lakeland Correctional Facility.  Despite his ability to communicate with the Court, the petitioner has failed to show cause why the Application should not be dismissed for failure to name a proper respondent.

I respectfully RECOMMEND that the Application be DISMISSED for failure to name the proper respondent.

---

[1] If the Attorney General of Colorado is not the proper respondent, he "is in the best position to inform the court as to who the proper party respondent is" and "he can move for substitution of party."  Id. at Advisory Committee Notes, 1976 Adoption.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 10, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge