IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01446-LTB-BNB

DARIEL HOUGH,

Petitioner,

v.

WARDEN HOWES, Lakeland Correctional Facility,

Respondent.
_____

**ORDER**
_____

This matter is before me on the petitioner's **Motion for Help** (the "Motion"), filed on December 19, 2005.  The petitioner, a state prisoner in Michigan, is proceeding *pro se*.  He states in the Motion that the Lakeland Correctional Facility is refusing to photocopy all documents that are related to the petitioner's pending legal actions in the State of Colorado.[1]  He states further that the Lakeland Correctional Facility has informed him that the law librarian will read any pleading that is copied and that his "legal mail is going to be restricted."  The petitioner alleges a violation of his constitutional rights.  The petitioner requests that the court "issue a court order."  He does not specify the type of order he seeks, however.

As a preliminary matter, "[a]n application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor, and shall set forth the relief or order

---

[1] The petitioner states that he has "a number of cases" pending: two appeals, one civil action, a habeas petition, three pending charges that he is fighting in the State of Colorado, two in Michigan Supreme Court, one in the Michigan Court of Appeals, and a civil action in Allegan County.

sought. . . ." Fed. R. Civ. P. 7(b).  The petitioner does not specify the relief he seeks.

To the extent the petitioner is requesting that the Court address alleged unconstitutional actions of Lakeland Correctional Facility officials, he is asserting a claim pursuant to 42 U.S.C. § 1983.  This action is brought as an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  If the petitioner wishes to assert a claim against Lakeland Correctional Facility officials for violating his civil rights, he must do so in a separate prisoner civil rights action under section 1983.

Finally, I note that, in addition to the petitioner's Motion for Help, he filed one document on December 1, 2005; one document on December 19, 2005; and another document on January 9, 2005.  It is apparent from these filings that the petitioner's ability to communicate with the Court in this case is not being obstructed by the Lakeland Correctional Facility.   Accordingly,

IT IS ORDERED that the Motion for Help is DENIED.

Dated January 10, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge