IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01446-LTB-BNB

DARIEL HOUGH,

Petitioner,

v.

WARDEN HOWES, Lakeland Correctional Facility,

Respondent.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the petitioner's **Motion for Summary Judgment** (the "Motion"), filed April 17, 2006. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

The petitioner filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") on August 1, 2005. The respondents have been granted an extension of time to respond to the Application until May 23, 2006. The petitioner seeks summary judgment in his favor.

The federal rules governing habeas corpus cases provide:

> The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.

*Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts*; *Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts* (permitting the district court to apply any or all of the rules governing 2254 cases to cases brought under section

2241).

The petitioner is attempting to apply Rule 56 of the Federal Rules of Civil Procedure to this case.  Rule 56 provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Section 2241 claims are not granted based on the absence of material fact disputes as set forth in Rule 56.  Instead, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  Therefore, application of Rule 56 to this case is inappropriate.  Accordingly,

I respectfully RECOMMEND that the petitioner's Motion for Summary Judgment be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 19, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge